IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**DANIEL BRINK** *et al.*,

          Plaintiffs,

-v-7

**XE HOLDING, LLC** *et al.*,

          Defendants.

Case: 1:11-cv-01733 (EGS)

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION, TO ALTER OR AMEND THE JUDGMENT AND ORDER DISMISSING ALL OF PLAINTIFFS' CLAIMS**

Plaintiffs hereby respectfully move, pursuant to Fed.R.Civ.P. 59(e), the Court for reconsideration and to alter or amend its Order Dismissing the claims of Plaintiffs and its Memorandum in Support, in order to correct clear errors, and to address matters that were not considered or that were contrary to law and will create a manifest injustice, in the following particulars:

1. The Court construed *Hall* too broadly as encompassing all intentional and deliberate acts of Employers or Carriers outside of the scope of employment, and outside of the injuries inflicted by accidents that fall within Section 5(a) of the Longshore Act, and each Plaintiff complains of matters that do not even relate to matters governed by the Longshore or DBA;

2. The Court ruled based on incorrect law concerning the Defense Base Act (DBA) exclusive remedy provision that do not apply to this set of facts or these Plaintiffs;

1

3. Matters were not covered in the Order and Memorandum of Opinion of the Court that were covered in the Second Amended Complaint (hereafter "SAC"); that the Court failed to consider the specific claims of each of the parties that, by the Court's own reasoning, would not fall within the exclusive remedy provision;

4. The Court did not address contrary case law from jurisdictions that have found that the Section 49 discrimination provisions are not exclusive and thus some of Plaintiffs' claims would survive the Motions to Dismiss;

5. The Court did not address claims of individuals who were never employed or under any contract where they worked for or by way of agreement for Defendants and were injured in the course of their employment or address those persons whose injuries occurred outside the course of employment such as sexual assault by a third party non-employer, fraudulent withdrawal of health insurance that caused delay in medical treatment that brought on the death of one of the Plaintiffs, the claims of a nurse and case manager whose business, credit and financial condition were ruined by the fraud and stopped payment of checks for medical devices and services, the claims of a wife of an injured worker for fraud and intentional and deliberate acts wholly outside the timing of the employment that caused serious financial and emotional injuries to her and her children, none of which are covered by the Act;

6. The Court failed to find whether claims under the Americans with Disabilities Act (ADA) that were found to be deficient due to improper pleading of elements were dismissed with or without prejudice, and Plaintiffs seek leave to amend the SAC to replead those claims in accordance with the Court's order as Plaintiff had requested in responding to all Motions to Dismiss to be granted Leave to file Amended Complaint to correct pleading defects;

7.      The Court incorrectly held that RICO is preempted by the LHWCA and DBA.[1]

The Court Should reconsider and alter or amend its order and Memorandum of Opinion for the more particular reasons set forth in the attached Memorandum in Support which is incorporated herein by reference as if set out in full.   None of the Plaintiffs are bringing suit against their employers "on account of" the injuries they suffered while on the job but for deliberate, intentional and malicious actions designed to harm them after they were already injured outside of the provisions of the Longshore Act and DBA.

WHEREFORE, for the foregoing reasons and in the interests of justice and opportunity for the Plaintiffs' to present their case on the merits, Plaintiffs request that the Court Reconsider its Order Dismissing the SAC, and alter or amend its order, permitting some of Plaintiffs' claims to proceed, and granting Plaintiffs leave to replead their claims under the ADA to conform to the elements set forth in the Court's order.

Dated:  _18 January 2013_                    Respectfully submitted,

                                              _/s/ Scott J. Bloch_____
                                              Scott J. Bloch, Esq.
                                              DC Bar No.  984264
                                              LAW OFFICES OF SCOTT J. BLOCH, PA
                                              1050 17th St., N.W., Suite 600
                                              Washington, DC  20036
                                              Tel.  (202) 496-1290
                                              Fax (202) 478-0479
                                              scott@scottblochlaw.com

                                              William J. Skepnek, Esq.
                                               Admitted pro hac vice
                                              THE SKEPNEK LAW FIRM
                                              1 Westwood Road
                                              Lawrence, KS     66044
                                              Telephone: (785) 856-3100

---

[1] Plaintiffs are moving simultaneously under Fed.R.Civ.P. 15(a)(1) for leave to file a Third Amended Complaint to correct pleadings issues raised by the Court's order which did not state the claims were dismissed with prejudice but did not expressly state dismissal was without prejudice.

 Fax: (785) 856-3099
bskepnek@skepneklaw.com

*Counsel for Plaintiffs Daniel Brink et al.*

Of Counsel:
Joshua Gillelan, III
Longshore Claimants' National Law Center
Georgetown Place, Suite 500
1101 30th Street, N.W.
Washington, DC 20007
(202) 625-8331
Fax: (202) 787-1920