UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL BRINK, *et al.*,

      Plaintiffs,

v.

XE HOLDING, LLC *et al.*,

      Defendants.

Civ. Action No. 11-1733
(EGS/ZMF)

MEMORANDUM OPINION

## I.  Introduction

Nicky Pool ("Ms. Pool" or "Plaintiff") brings this action against Continental Insurance Company ("CNA" or "Defendant"), alleging breach of contract and tortious breach of the covenant of good faith and fair dealing. *See* Fourth Amended Compl. for Damages & Declaratory & Injunctive Relief ("FAC"), ECF No. 214 ¶¶ 1, 153-68.[1]

Pending before the Court is CNA's Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim. *See* Def. Continental Insurance Company's Mot. Dismiss

---

[1] When citing electronic filings throughout this Opinion, the Court refers to the ECF page numbers, not the page numbers of the filed documents.

1

Counts VI & VII Fourth Am. Compl. ("Def.'s Mot."), ECF No. 220.
On May 19, 2022, Magistrate Judge Zia M. Faruqui issued a Report
& Recommendation ("R. & R.") recommending that the Court grant
in part and deny in part CNA's motion, ECF No. 220. *See* R. & R.,
ECF No. 248 at 12.

Both parties raise several objections to Magistrate Judge
Faruqui's R. & R. *See generally* Pl. Nicky Pool's Mem. Supp.
Objs. R. & R. of Magistrate on CNA's Mot. Dismiss Fourth Am.
Compl. ("Pl.'s Objs."), ECF No. 250-1; Def. Continental
Insurance Company's Objs. Magistrate Judge's Proposed Findings &
Recommendations Def.'s Mot. Dismiss Counts VI & VII Fourth Am.
Compl. ("Def.'s Objs."), ECF No. 252. Upon careful consideration
of the R. & R.; the objections, oppositions, and reply thereto;
the applicable law; and the entire record herein, the Court
hereby **ADOPTS IN PART** Magistrate Judge Faruqui's R. & R., ECF
No. 248; and **GRANTS IN PART and DENIES IN PART** CNA's Motion to
Dismiss, ECF No. 220.

## II.  Background

### A.  Factual

For the purposes of resolving CNA's Motion to Dismiss, the
Court assumes the facts alleged in the Fourth Amended Complaint
to be true and construes them in Ms. Pool's favor. *See Baird v.
Gotbaum*, 792 F.3d 166, 169 n.2 (D.C. Cir. 2015) (citation
omitted).

In 2007, CNA arranged for Ms. Pool to provide daily nursing services in South Africa to Daniel Brink ("Mr. Brink"), a contractor who had sustained several injuries from an explosion in Iraq. *See* FAC, ECF No. 214 ¶¶ 86–87. Ms. Pool submitted a series of invoices to CNA seeking payment for her services and reimbursement for other services and supplies. *See id.* ¶ 88. CNA initially paid some invoices but at some point, stopped. *See id.* ¶ 89. Because she had not been reimbursed for services and supplies, medical companies and service providers later brought collections actions totaling over $150,000 against Ms. Pool and her company, Guardian Medical. *See id.* ¶¶ 90–91.

On September 26, 2011, Ms. Pool and other plaintiffs (collectively, "Plaintiffs") filed this class action against various government contractors and their insurance carriers. *See* Compl., ECF No. 1 ¶¶ 453–64. Plaintiffs alleged violations of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; along with various state-law claims. *See generally id.* The Court dismissed all claims, *see Brink v. XE Holding, LLC*, 910 F. Supp. 2d 242, 258 (D.D.C. 2012), *aff'd in part, vacated in part, remanded sub nom. Brink v. Cont'l Ins. Co.*, 787 F.3d 1120 (D.C. Cir. 2015); and the Court of Appeals for the District of Columbia Circuit

("D.C. Circuit") affirmed the ruling except the dismissal of the ADA claims, *see Brink*, 787 F.3d at 1126, 1128-29. The D.C. Circuit stated that its ruling did "not preclude separate proceedings for . . . Nicky Pool to allege a breach of contract." *Id.* at 1126. Ms. Pool thereafter filed an amended complaint alleging breach of contract and tortious breach of the covenant of good faith and fair dealing. *See* FAC, ECF No. 214 ¶¶ 1, 153-68.

### B. Procedural

On March 5, 2018, CNA filed this Motion to Dismiss Ms. Pool's state-law claims in the Fourth Amended Complaint. *See* Def.'s Mot., ECF No. 220. Ms. Pool submitted her opposition brief on April 8, 2018, *see* Pl.'s Resp. & Opp'n Def. CNA's Mot. Dismiss Counts V & VI Fourth Am. Compl. Pursuant Rules 12(b)(1) & 12(b)(6) of Fed. R. Civ. P., ECF No. 227; and CNA filed its reply brief on April 17, 2018, *see* Def. Continental Insurance Company's Reply Mem. P. & A. in Further Supp. Mot. Dismiss Counts VI & VII Fourth Am. Compl., ECF No. 234.

On May 19, 2022, Magistrate Judge Faruqui issued his R. & R. recommending that the Court grant in part and deny in part CNA's motion, ECF No. 220. *See* R. & R., ECF No. 248 at 12. Both parties raise several objections to the R. & R., *see* Pl.'s Objs., ECF No. 250-1; Def.'s Objs., ECF No. 252; and have submitted briefs in opposition, *see* Pl. Nicky Pool's Mem. Opp'n

4

Def. Continental Insurance Company's Objs. Magistrate Judge's Proposed Findings & Recommendations ("Pl.'s Opp'n"), ECF No. 253; Def. Continental Insurance Company's Resp. Pl. Nicky Pool's Objs. Magistrate Judge's Proposed Findings & Recommendation Def.'s Mot. Dismiss Counts VI & VII Fourth Am. Compl. ("Def.'s Opp'n"), ECF No. 255. Ms. Pool also submitted a reply brief. *See* Pl.'s Reply Mem. Objs. R. & R. CNA's Mot. Dismiss Counts ("Pl.'s Reply"), ECF No. 256. The motion is now ripe and ready for adjudication.

## III. Legal Standard

### A. Objections to a Magistrate Judge's Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b), a party may file specific written objections once a magistrate judge has entered a recommended disposition. Fed. R. Civ. P. 72(b)(1)-(2). A district court "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the

Court reviews the [R. & R.] only for clear error." *Houlahan v. Brown*, 979 F. Supp. 2d 86, 88 (D.D.C. 2013) (citation and internal quotation marks omitted). "Under the clearly erroneous standard, the magistrate judge's decision is entitled to great deference" and "is clearly erroneous only if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Buie v. Dist. of Columbia*, No. CV 16-1920 (CKK), 2019 WL 4345712, at *3 (D.D.C. Sept. 12, 2019) (citing *Graham v. Mukasey*, 608 F. Supp. 2d 50, 52 (D.D.C. 2009)) (internal quotation marks omitted).

Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection[s]." LCvR 72.3(b). "[O]bjections which merely rehash an argument presented and considered by the magistrate judge are not 'properly objected to' and are therefore not entitled to *de novo* review." *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (quoting *Morgan v. Astrue*, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009)).

**B.   Rule 12(b)(1) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction has the burden of establishing that the Court has subject matter

jurisdiction over the case. *See Logan v. Dep't of Veterans Affs.*, 357 F. Supp. 2d 149, 153 (D.D.C. 2004) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83, (1936)). "Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, the court must scrutinize the [party]'s allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011) (citations omitted).

To assess whether a complaint sufficiently alleges subject matter jurisdiction, the Court accepts as true the allegations of the complaint, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and liberally construes the pleadings in the plaintiff's favor, *see Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004). The Court may also consider "undisputed facts evidenced in the record" as well as its own "resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### C.   Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim

7

showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). "In determining whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.*

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v.*

*D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009)
(citation and internal quotation marks omitted). In addition,
the court must give the plaintiff the "benefit of all inferences
that can be derived from the facts alleged." *Kowal v. MCI
Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## IV. Analysis

### A. The Court Has Diversity Jurisdiction Over Ms. Pool's Claims

The Fourth Amended Complaint ("FAC") alleges diversity of
citizenship as a basis for the Court's jurisdiction. See FAC,
ECF No. 214 ¶ 3. Magistrate Judge Faruqui concluded that Ms.
Pool failed to establish diversity jurisdiction because she
provided no facts to support her legal conclusion that "there is
complete diversity of citizenship of the parties." R. &. R., ECF
No. 248 at 4-5. Ms. Pool did not object to Magistrate Judge
Faruqui's conclusion in her objections to the R. &. R., *see
generally* Pl.'s Objs., ECF No. 250-1; but did argue in her
response to CNA's objections that CNA incorrectly argued that
there is no diversity jurisdiction, arguing that the FAC alleges
complete diversity of citizenship as to herself and CNA, Pl.'s
Opp'n, ECF No. 253 at 15-16.

The Court has an "affirmative obligation to determine
whether it has subject matter jurisdiction over the action."
*Friends Christian High Sch. v. Geneva Fin. Consultants*, 321

F.R.D. 20, 22 (D.D.C. 2017). Diversity jurisdiction exists when the action involves citizens of different states, and the amount in controversy exceeds $75,000.00 per plaintiff, exclusive of interest and costs. 28 U.S.C. § 1332(a). Each plaintiff must be diverse from each defendant for diversity jurisdiction to exist. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 541 (D.C. Cir. 2011). "[T]he party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983). At this time, the only parties that remain in this action are Ms. Pool and CNA. Accordingly, Ms. Pool needs to allege complete diversity between herself and CNA. For the reasons explained below and liberally construing the pleadings in her favor, the Court concludes that Ms. Pool has adequately alleged diversity jurisdiction.

Ms. Pool alleges that she is a foreign national of South Africa. The FAC alleges that "[o]ne of the Plaintiffs described below is a foreign national from South Africa who was denied pay under an agreement with Continental Insurance Company that caused loss to her and her business as described below." FAC, ECF No. 214 ¶ 5. The only Plaintiff who alleges that she was denied pay under an agreement with CNA is Ms. Pool. *See id.* ¶¶ 153-167.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The FAC alleges that CNA's headquarters is in Chicago, Illinois. *See* FAC, ECF No. 214 ¶ 93. With these allegations, Ms. Pool has adequately alleged complete diversity between herself and CNA because she has alleged that she is a citizen of South Africa and that CNA is a citizen of Illinois. Ms. Pool also alleges damages in excess of $200,000. *Id.* ¶ 97, 156. For these reasons, the Court concludes that Ms. Pool has adequately alleged diversity jurisdiction.

The FAC does not allege that the Court has supplemental jurisdiction over Ms. Pool's claims against CNA. Ms. Pool alleges claims for breach of contract, *see id.* ¶¶ 153-164; and tortious breach of covenant of good faith and fair dealing, *see id.* ¶¶ 165-168. However, the FAC alleges only that "[t]he court has supplemental jurisdiction over the federal common law or state law claims for fraud, bad faith insurance practices, outrage, and deception in trade practices." *Id.* ¶ 3. Because the Court has determined that it has diversity jurisdiction over Ms. Pool's claims, however, the Court need not address the parties' arguments regarding supplemental jurisdiction.

**B.    The Court Adopts the Portion of the R. & R. Regarding the Statute of Limitations**

Both parties object to Magistrate Judge Faruqui's conclusions as to whether the statute of limitations bars Ms. Pool's claims. For the reasons that follow, the Court agrees with Magistrate Judge Faruqui that Ms. Pool's invoices from June 30, 2008 to October 30, 2009 fall within the statute of limitations and that her invoices preceding that period are barred.

**1.    Ms. Pool's Claims Relate Back to the Original Complaint**

CNA objects to Magistrate Judge Faruqui's conclusion that Ms. Pool's claims in the Fourth Amended Complaint relate back to the original Complaint. *See* Def.'s Objs., ECF No. 252 at 18-20.

An amended complaint "relates back to the date of the original pleading when[] . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). To determine whether the amendment relates back, the court inquires "whether the original complaint adequately notified the defendant[] of the basis for liability the plaintiff[] would later advance in the amended complaint." *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008).

12

CNA asserts that Magistrate Judge Faruqui erred for two reasons. *See* Def.'s Objs., ECF No. 252 at 18-20. First, CNA contends that Magistrate Judge Faruqui failed to consider that "a new claim cannot relate back to claims that were eliminated from the prior complaint." *Id.* at 18 (citing *Halldorson v. Sandi Grp.*, 934 F. Supp. 2d 147, 158 (D.D.C. 2013); *Wagner v. Georgetown Univ. Med. Ctr.*, 768 A.2d 546, 559 (D.C. 2001)). Second, CNA argues that Magistrate Judge Faruqui erroneously limited his inquiry to whether CNA was on notice of Ms. Pool's claims and "did not undertake the necessary analysis of whether [Ms.] Pool's new individual claim for breach of contract arises from the 'same conduct' that forms the basis of" the claims that remain in the case. *Id.* at 19 (citations omitted). Here, CNA concludes that Ms. Pool's claims in the Fourth Amended Complaint cannot relate back to the claims in the original Complaint because: the Court dismissed the Second Amended Complaint "in its entirety"; the only claims that remain now are the ADA claims by other plaintiffs in the case; and the ADA claims do not pertain to Mr. Brink, Ms. Pool, or CNA. *Id.*

As to CNA's first point, Ms. Pool argues that CNA has misinterpreted the caselaw and that the caselaw limits relation back only when the older claim was voluntarily dismissed. *See* Pl.'s Opp'n, ECF No. 253 at 14 (citing *Halldorson*, 934 F.2 at 158). The Court agrees with Ms. Pool that the caselaw does not

support CNA's position. In *Halldorson*, the Court held that the state-law retaliation claims in the third amended complaint did not relate back to previous allegations because the second amended complaint "eliminated" the state-law retaliation claims and the settlement agreement preceding the second amended complaint otherwise barred common-law theories of recovery. *Halldorson*, 934 F.2 at 158. Here, by contrast, previous litigation "eliminated" only the class claims alleged by Ms. Pool and other plaintiffs against CNA and other defendants but "d[id] not preclude separate proceedings for . . . [Ms.] Pool to allege [an individual claim for] breach of contract" against CNA. *Brink*, 787 F.3d at 1126. *Halldorson* is therefore distinguishable from the instant case.

Ms. Pool does not address CNA's second point that Magistrate Judge Faruqui failed to consider whether her new claim arose from the same conduct as the original claim. *See* Pl.'s Opp'n, ECF No. 253 at 12-14. She instead defends Magistrate Judge Faruqui's conclusion that CNA had notice of Ms. Pool's claims, *see id.*; an issue that CNA does not dispute in its Objections, *see generally* Def.'s Objs., ECF No. 252 at 18-20. Despite her silence, the Court is persuaded that Magistrate Judge Faruqui undertook the necessary Rule 15 analysis here. "[B]oth elements [of Rule 15]—same conduct and adequate notice—must be satisfied before relation back of new claims is

permitted." *Constr. Interior Sys., Inc.*, 813 F. Supp. at 37. The district court there held that the new claim did not relate back to the original pleadings in part because the "factual underpinnings" of the new claim were "entirely different" from those in the original complaint. *Id.* at 36-37. Here, as Magistrate Judge Faruqui explained in the R. & R., *see* R. & R., ECF No. 248 at 6; the factual underpinnings of Ms. Pool's new claims are the same as those of her previous class claim, *compare* FAC, ECF No. 214 ¶¶ 86-97, *with* Compl., ECF No. 1 ¶¶ 453-64. Stated differently, the new individual claim arose from the same conduct as the original pleading. *See United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002).

Finally, CNA argues that Ms. Pool's claims do not relate back because the D.C. Circuit "did not remand the case with directions to allow amending the complaint to include Pool's individual claims." Def.'s Objs., ECF No. 252 at 20. This argument ignores, however, that the D.C. Circuit did not prohibit Ms. Pool from seeking leave to amend the complaint to allege individual claims. *Cf. Brink*, 787 F.3d at 1126 (explaining that the decision "does not preclude separate proceedings for . . . [Ms.] Pool to allege a breach of contract"); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend the complaint] when justice so requires.").

15

Accordingly, the Court concludes that Ms. Pool's individual claims relate back to the original Complaint and **ADOPTS** that portion of the R. & R.

### 2.   Magistrate Judge Faruqui Correctly Assumed an Installment Contract with a Three-month Payment Term

Both parties object to Magistrate Judge Faruqui's analysis and conclusion as to when Ms. Pool's claims accrued. *See* Pl.'s Objs., ECF No. 250-1 at 7-12; Def.'s Objs., ECF No. 252 at 20-21.

CNA argues that Magistrate Judge Faruqui incorrectly assumed the existence of an installment contract. Def.'s Objs., ECF No. 252 at 20. CNA asserts that this assumption is erroneous because it is based on information in Ms. Pool's Opposition to CNA's Motion to Dismiss and not any allegations in the FAC. *See id.* (citing *Afram v. United Food & Commercial Workers Unions & Participating Emp'rs Health & Welfare Fund*, 958 F. Supp. 2d 275, 279 n.1 (D.D.C. 2013), *appeal dismissed*, No. 13-7136, 2014 WL 1378304 (D.C. Cir. Feb. 21, 2014); *Briscoe v. Costco Wholesale Corp.*, 61 F. Supp. 3d 78, 83 n.2 (D.D.C. 2014)). Ms. Pool does not respond to this objection. *See generally* Pl.'s Objs., ECF No. 250-1; Pl.'s Opp'n, ECF No. 253; Pl.'s Reply, ECF No. 256.

The Court is not persuaded that Magistrate Judge Faruqui erred by considering the exhibits Ms. Pool filed with her Opposition to CNA's Motion to Dismiss. Although a court may not

16

consider new allegations raised in response to a motion to dismiss, *see Briscoe*, 61 F. Supp. 3d at 83 n. 2 (citing *Sloan v. Urban Title Servs., Inc.*, 689 F. Supp. 2d 94, 114 (D.D.C. 2010)); it also "may consider . . . any documents either attached to or incorporated in the complaint," *EEOC*, 117 F.3d at 624. Here, the FAC discusses the "regular invoices [Ms. Pool sent to CNA] for services she provided, and for the services, supplies and medical providers whom she engaged to care for Mr. Brink's various needs from hospitalizations, wound care, operations, therapy, and transportation and medical supplies" as well as CNA's payment of  "some of those invoices." FAC, ECF No. 214 ¶¶ 88-89. Because the FAC incorporates those invoices and payment records by reference, Magistrate Judge Faruqui appropriately considered Ms. Pool's exhibits. *See Gerlich v. U.S. Dep't of Just.*, 659 F. Supp. 2d 1, 5 n.2 (D.D.C. 2009).

In the alternative, CNA contends that Magistrate Judge Faruqui did not imply a reasonable time for performance under an installment contract. *See* Def.'s Objs., ECF No. 252 at 21. Specifically, CNA argues that Magistrate Judge Faruqui "erred in disregarding [Ms.] Pool's own declaration, which concedes that 'CNA stopped paying invoices in 2007.'" *Id.* (quoting Pool Decl., ECF No. 227-2 ¶ 8). The Court disagrees with this assessment. In her declaration, Ms. Pool references documentation of CNA's payment history. *See* Pool Decl., ECF No. 227-2 ¶ 8 ("attached

17

spread sheet, attachment 3 hereto, showing invoicing and payments with interest, to today's date that have been incurred"). In that exhibit, Ms. Pool states that CNA paid her in three-month intervals. *See* Ex. 3, ECF No. 227-2 at 21-22. The Court therefore concludes that Magistrate Judge Faruqui fairly implied a three-month payment term. *See* R. & R., ECF No. 248 at 8 (discussing Exhibit 3).

Ms. Pool also objects to Magistrate Judge Faruqui's analysis as to whether CNA repudiated the contract. *See* Pl.'s Objs., ECF No. 250-1 at 7-12. However, as CNA states in its Opposition, *see* Def.'s Opp'n, ECF No. 255 at 9; her objection merely repeats her Opposition to CNA's Motion to Dismiss verbatim, *compare* Pl.'s Objs., ECF No. 250-1 at 7-12, *with* Pl.'s Opp'n & Resp. Def. CNA's Mot. Dismiss Fourth Am. Compl., ECF No. 227 at 15-19. Accordingly, the Court reviews this objection only for clear error, *see Houlahan*, 979 F. Supp. 2d at 88; and concludes that Magistrate Judge Faruqui did not err with respect to his analysis in this portion of the R. & R.

In sum, the Court concludes that Magistrate Judge Faruqui appropriately assumed the existence of an installment contract and implied a three-month payment term.

### 3.    Magistrate Judge Faruqui Correctly Disregarded Ms. Pool's Equitable Tolling Arguments

Ms. Pool objects to Magistrate Judge Faruqui's failure to apply the doctrine of equitable tolling to her claims. *See* Pl.'s Objs., ECF No. 250-1 at 12-15. As with her repudiation argument, *see supra*, her objection largely restates her Opposition to CNA's Motion to Dismiss verbatim, *compare id.*, *with* Pl.'s Opp'n & Resp. Def. CNA's Mot. Dismiss Fourth Am. Compl., ECF No. 227 at 20-23. The Court therefore reviews Ms. Pool's objection only for clear error. *See Houlahan*, 979 F. Supp. 2d at 88. Finding no error, the Court **ADOPTS** the portion of the R. & R. pertaining to the statute of limitations.

### C.    Ms. Pool Adequately Pleaded a Claim for Breach of Contract

CNA objects to Magistrate Judge Faruqui's conclusion that Ms. Pool adequately pleaded her claim for breach of contract. *See* Def.'s Objs., ECF No. 252 at 21-25. In particular, CNA argues that: (1) Magistrate Judge Faruqui incorrectly considered evidence Ms. Pool submitted with her Opposition to its Motion to Dismiss; (2) Ms. Pool has not alleged the existence of a contract; and (3) Magistrate Judge Faruqui erred by not considering its documentary evidence. *See id.* For the reasons that follow, the Court concludes that Ms. Pool has properly pleaded her breach of contract claim.

19

CNA first contends that the Court should reject Magistrate Judge Faruqui's recommendation because it "is based, in large part, on new allegations and documentation proffered by [Ms.] Pool in her opposition." *Id.* at 21. As the Court explained *supra*, it was appropriate for Magistrate Judge Faruqui to consider Ms. Pool's exhibits because they are incorporated into the FAC by reference. *See EEOC*, 117 F.3d at 624.

CNA next argues that Magistrate Judge Faruqui should have recommended dismissal because Ms. Pool has not alleged the existence of a contract. *See* Def.'s Objs., ECF No. 252 at 22-24. Indeed, a plaintiff alleging a breach of contract must plead, *inter alia*, a valid contract between the parties. *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). Looking only at the FAC and not the documents incorporated by reference, CNA argues that Ms. Pool has failed to allege material terms of a contract, including: whether Ms. Pool had a contract, when the contract was executed, when Ms. Pool submitted invoices, the details of her invoices, or the payment terms. *See* Def.'s Objs., ECF No. 252 at 22-23. CNA further contends that Ms. Pool's allegations in the FAC suggest only: that CNA had a contractual relationship with other entities; and that Ms. Pool had a relationship with Mr. Brink. *See id.* at 23-24.

Ms. Pool counters that she has alleged the existence of a contract. *See* Pl.'s Opp'n, ECF No. 253 at 16-18. Citing the FAC,

she argues that she alleged: "[t]here was an agreement, CNA acted as if there was, [she] performed services in reliance on such, [and] CNA paid for some of the invoices (accounts stated)." *Id.* at 18. The Court agrees that Ms. Pool has "sufficiently allege[d] the existence of a contract, its general terms, and the contractual obligation that [CNA] purportedly violated (*i.e.* failing to pay [her])." *Burnett v. Am. Fed'n of Gov't Emps.*, 102 F. Supp. 3d 183, 193 (D.D.C. 2015) (explaining that "[w]hen those elements are pled, . . . courts have held that plaintiffs have adequately stated a claim, despite the otherwise imprecise or vague nature of the complaint"). In the FAC, she alleges an agreement—for her "to perform nursing services and nurse case management services for [CNA]" and for CNA "to pay her for her services." FAC, ECF No. 214 ¶¶ 154-55. She also alleges the terms of the contract by describing how both parties performed pursuant to that agreement. *See id.* ¶¶ 156-59 (describing the services Ms. Pool was bound to provide and the payments CNA was bound to make). The Court concludes based on these allegations that Ms. Pool has adequately pleaded the existence of a contract. *See Burnett*, 102 F. Supp. 3d at 192-93.

Finally, CNA objects to Magistrate Judge Faruqui's failure to consider the settlement agreement it entered into with Mr. Brink. *See* Def.'s Objs., ECF No. 252 at 24-25. The Court agrees

21

with CNA that it may take judicial notice of this record. *See Venable LLP v. Overseas Lease Grp., Inc.*, No. CV 14-02010 (RJL), 2015 WL 4555372, at *3 n.7 (D.D.C. July 28, 2015) (taking judicial notice of a settlement agreement in the public record). However, this settlement agreement does not alter the Court's analysis because, as with its briefing on its Motion to Dismiss, CNA cites no legal authority to explain why Ms. Pool is bound by its agreement with Mr. Brink. *See generally* Def.'s Objs., ECF No. 252 at 24-25.

Accordingly, the Court concludes that Ms. Pool has stated a claim for breach of contract and **ADOPTS** this portion of the R. & R.

### D. **Ms. Pool Has Not Pleaded a Claim for Breach of the Covenant of Good Faith and Fair Dealing**

Finally, Ms. Pool objects to Magistrate Judge Faruqui's conclusion that she has not pleaded a claim for breach of the implied covenant of good faith and fair dealing. *See* Pl.'s Objs., ECF No. 250-1 at 15-18.

Under District of Columbia law, all contracts contain an implied covenant of good faith and fair dealing. *Nugent v. Unum Life Ins. Co. of Am.*, 752 F.Supp.2d 46, 56 (D.D.C. 2010) (citing *Allworth v. Howard Univ.*, 890 A.2d 194, 201 (D.C. 2006)). A plaintiff alleging a claim for a breach of this implied covenant "must allege either bad faith or conduct that is arbitrary and

22

capricious." *Wright v. Howard Univ.*, 60 A.3d 749, 754 (D.C. 2013). "Bad faith requires more than mere negligence," such as "lack of diligence, purposeful failure to perform, and interference with the other party's ability to perform." *Id.*

Ms. Pool argues that CNA's actions "were malicious and intended to deceive and deprive [her] of" payment for the services she rendered. *See* Pl.'s Objs., ECF No. 250-1 at 16. Citing the Restatement (Second) of Contracts, she contends that the following constitutes bad faith: evasion; agreement and subsequent refusal to meet; delay of payment; and refusal to negotiate with her attorney. *See id.* at 17.

CNA defends Magistrate Judge Faruqui's determination that Ms. Pool's allegations are vague, conclusory, and otherwise duplicative of her breach of contract claim. *See* Def.'s Opp'n, ECF No. 255 at 13-15. The Court agrees with CNA. Ms. Pool's allegations of "evasion" and "refusal" are vague and conclusory. *See Ruiz v. Millennium Square Residential Ass'n*, No. 1:19-cv-3765, 2022 WL 296200, at *8 (D.D.C. Feb. 1, 2022), *appeal docketed*, No. 22-7024 (D.C. Cir. Mar. 10, 2022). Other allegations merely repeat the allegations she made in connection with her breach of contract claim. *See generally* FAC, ECF No. 214. The Court therefore is persuaded that Ms. Pool has failed to state a claim for a breach of the implied covenant of good faith and fair dealing and **ADOPTS** this portion of the R. & R.

23

## V.    Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART**

Magistrate Judge Faruqui's R. & R., ECF No. 248; and **GRANTS IN**

**PART and DENIES IN PART** CNA's Motion to Dismiss, ECF No. 220. An

appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**


Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **September 11, 2023**